IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-34-BO

| | |
|---|---|
| GLORIA FITCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 19, 25]. A hearing was held on these matters before the undersigned on November 10, 2020 via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for period of disability and disability insurance benefits pursuant to Title II of the Social Security Act and her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed an application for benefits on February 22, 2016 and alleged a disability onset date of July 2, 2015. After initial denials, plaintiff proceeded to a video hearing before an Administrative Law Judge (ALJ), which occurred on September 25, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since July 2, 2015, the ALJ found that plaintiff had diabetes mellitus with peripheral neuropathy and obesity, but that they did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform light work with limitations and that she could perform her past relevant work as a cashier.

Plaintiff challenges the ALJ's RFC finding as unsupported. Contrary to plaintiff's argument, the ALJ considered consultative examiner Dr. Steve Garman's opinion and adequately explained why he gave Dr. Garman's opinion little weight. Dr. Riddick opined that plaintiff's pain "constantly interfered with her attention and concentration," that she could sit for an hour before needing to alternate positions, that she would need to rest or lie down for a total of four hours during a workday, that she needed to alternate between sitting and resting or lying down for the entire workday, that she could not lift more than five pounds, and that she needed to use a cane. Tr. 581–83, 585. The ALJ found that such an opinion was not consistent with his own treatment notes. Specifically, just a few months before issuing his opinion, Dr. Garman noted plaintiff's gait

3

and station to be normal and that her range of motion in all extremities was normal without pain, although her wrist and hand were weak. Tr. 650. He also noted in 2016 that her wrist, hand, knee, ankle, and foot were normal, with normal range of motion without pain, normal stability, and normal strength. Tr. 566. In addition, Dr. Garman's opinion failed to account for plaintiff's long history of noncompliance with treatment. The opinion was also inconsistent with the record in its entirety. Dr. Ruiz noted that plaintiff had normal motor strength and tone, normal movement of all extremities, normal gait and station, and normal sensation. Tr. 547. Objective testing showed no disc space narrowing with minimal fact arthrosis, no spinal listhesis or spondylosis, and no focal destructive change. Tr. 411. The consultative examiner, Dr. Riddick, stated that she had a steady but slow gait, was not using an assistive device, and had 5/5 strength in all areas. Tr. 420.

Furthermore, although plaintiff argues that the ALJ should have credited her testimony regarding the severity of her symptoms and functional limitations, the ALJ sufficiently explained her reasons for assessing plaintiff's RFC without the limitations she sought. While plaintiff alleges that she experiences pain and difficulty ambulating, there is little objective medical evidence to support that these symptoms are disabling. For example, plaintiff has alleged consistent cane use, but many of her exams do not indicate any use or need of an assistive device. Tr. 23. Plaintiff's treatment notes also include multiple notes of her noncompliance with treatment. Tr. 559–60, 563–64, 570. The RFC's assessment is supported by the opinions of both non-examining medical consultants, which found plaintiff capable of performing light work with no postural, manipulative, visual, communicative, or environmental limitations. Tr. 91–101, 102–118. In conclusion, the ALJ provided good reasons for her decision not to credit fully plaintiff's statements about her symptoms, and her RFC assessment is supported by substantial evidence.

The Court finds no error in the ALJ's analysis or explanation of the weight afforded to Dr. Garman's opinion or plaintiff's own testimony. The RFC finding is sufficiently supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is DENIED and defendant's motion [DE 25] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __13__ day of November, 2020.

                                                                    TERRENCE W. BOYLE
                                                                    CHIEF UNITED STATES DISTRICT JUDGE